UNITED STATES DISTRICT COURT  FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, INC., ) | Case No.: 303CV937 SRU |
| ) | |
| **Plaintiff,** ) | MEMORANDUM OF LAW IN SUPPORT |
| ) | OF PLAINTIFF'S MOTION FOR |
| Plaintiff, ) | DEFAULT JUDGMENT |
| ) | |
| vs. ) | |
| ) | |
| Michael Braun ) | |
| ) | |
| Defendant ) | |

### I.  Liability

On September 26, 2003 Default was entered against the Defendant in this action. Plaintiff has now moved for judgment against the Defendant. The Default already entered in this action against the Defendant is similar to a finding of liability against the Defendant. See *Trans World Airlines, Inc. v. Hughes*, 449 F2d 51 (2nd Cir. 1971). Specifically, a party's default is deemed to constitute a concession of all will pleaded allegations of liability. See *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir.1992). Therefore, based upon the Default that has already entered against the Defendant, the Plaintiff has now proven sufficient requisite elements to entitle the Plaintiff to a finding of liability against the Defendant as to the matters set forth in the Plaintiff's pleadings.

The Court can consider a number of factors in determining whether to enter a default judgment against a defendant. See *Feeley v. Whitman Corp.*, 65 F.Supp.2d 164 (S.D.N.Y.1999). Yet, in a civil case where a party fails to respond, after notice, the court is ordinarily justified in entering a judgment against the defaulting party. See *Bermudez v. Reid*, 733 F.2d 18 (2d Cir.1984).

There were multiple counts of statutory violations in the complaint against the Defendant. However, in this motion the Plaintiff is moving for judgment under:

1. Count II, Violation of Title 18 U.S.C. § 2511, Intentional Interception of Electronic Communications; and

2. Count IV, Violation of Title 47 U.S.C. § 605, Assembly, Manufacture and or Modification of Devices or Equipment.

The plaintiff contends is entitled to judgment under all of the counts of its complaint. Yet, the Plaintiff is moving for judgment pursuant to counts II and IV simply because once liability is established through the default the *minimum* Statutory damage for:

1. Count II is $10,000.00 trebled pursuant to Connecticut General Statute § 52-564 to $30,000.00; and

2. Count IV is $10,000.00 per device.

Accordingly, this court should be able to enter judgment with the *minimum* statutory damages of $30,000.00 Demand without the necessity of a hearing on damages.

### 1. Pertinent Facts Regarding Liability Established From Default

Based upon the Default that has already entered against the Defendant, the Plaintiff has proven certain pertinent facts, including but not limited to, the facts that:

1. Plaintiff is a direct satellite broadcaster, delivering over 225 channels of television and other programming to its residential and business customers on a subscription and pay-per-view basis only

2. Plaintiff encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming.

3. Upon activation of an account the Plaintiff's legitimate customers are given a DIRECTV Access Card by Plaintiff;

4. With a DIRECTV Access Card and other system hardware a legitimate customer can receive and view in a decrypted format (*i.e.*, unscrambled) only those channels to which the customer has subscribed or otherwise made arrangement to purchase from Plaintiff;

5. It is possible for dishonest individuals to covertly obtain the Plaintiff's signals, without authorization and without payment for same, through a variety of methodologies, including, but not limited to, utilizing illegally modified DIRECTV Access Cards and utilizing other related equipment; devices that are primarily of assistance in the unauthorized interception or reception of DIRECTV's satellite television programming (all collectively hereinafter referred to as "Pirate Access Devices").

6. On or about March 2, 2001, the Defendant purchased and thereafter possessed a Pirate Access Device(s).

7. The Defendant utilized the Pirate Access Device for the unauthorized interception of the Plaintiffs satellite television signals; and/or

8. The Defendant utilized the Pirate Access Device to intercept the Plaintiff's electronic communications without authorization; and/or

9. The Pirate Access Device purchased by the Defendant was utilized in conjunction with other devices such that the Defendant *manufactured, modified or assembled* Pirate Access Devices and/or

10. The Defendant distributed and/or sold Pirate Access Device(s) to assist others in the unauthorized interception of the Plaintiffs satellite television signals;

11. All of the Defendant's actions were undertaken willfully and knowingly.

**2. Liability Pursuant to Title 47 U.S.C. § 605 Established From Default**

This lawsuit involves violations of the Cable Communications Policy Act of 1984, as amended, Title 47 U.S.C. § 605 (the "Communications Act"). Title 47 U.S.C. 605 (a) of the Communications Act provides, in part:

> "(a) Practices prohibited
>
> ... No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto..."

Title 47 U.S.C. 605 (e)(4) of the Communications Act provides, in part, that it shall be a violation of the statute where any person:

> "manufactures, *assembles, modifies*, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section ..." (emphasis added)

Accordingly, the Plaintiff has already definitively established that the Defendant violated Title 47 U.S.C. 605 (e)(4) and Title 47 U.S.C. 605 (a).

Title 47 U.S.C. 605 (e)(4) also provides in part:

> "...For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to *each such device shall be deemed a separate violation.*" (emphasis added)

Accordingly, the Plaintiff has already established a single violation of Title 47 U.S.C. 605 (e)(4) and Title 47 U.S.C. 605 (a) by the Defendant.

**3. Liability Pursuant to Title 18 U.S.C. § 2511 Established From Default**

Page 4

This lawsuit involves violations of the Title 47 U.S.C. 18 U.S.C. § 2511 (the "Surreptitious Interception Act"). Title 47 U.S.C. 18 U.S.C. § 2511 (1)(a) provides that it shall be a violation of the statute where any person:

> "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

Title 18 U.S.C. § 2520 (a) grants the Plaintiff a civil remedy for violations of § 2511. Title 18 U.S.C. § 2520 (a) provides, in part:

> "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

By virtue of the default in this action the Plaintiff has established that the Defendant knowingly utilized the Pirate Access Device to intercept the Plaintiff's electronic communications without authorization. Accordingly, the Plaintiff has established that the Defendant violated Title 47 U.S.C. 18 U.S.C. § 2511 (1)(a), giving rise to civil cause of action pursuant to Title 47 U.S.C. 18 U.S.C. § 2520.

## II. Minimum Statutory Damages

**1. Minimum Statutory Damage Award Pursuant to Provisions of Title 47 U.S.C. § 605**

Title 47 U.S.C. § 605 (e)(3)(C)(i)(II) provides for statutory damages for the assembly, modification or manufacture of devices primarily of assistance in the

unauthorized decryption of satellite cable programming, or direct-to-home satellite services. Section (e)(3)(C)(i)(II) provides, in part that:

". . . for each violation of [paragraph (e)(4)] involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just . . ."

Accordingly, the Statutory minimum damage award for the Pirate Access Device assembled, manufactured, modified or distributed by the Defendant in violation of Title 47 U.S.C. § 605(a), Title 47 § 605(e)(4) pursuant to Title 47 U.S.C. § 605(e)(3)(c)(i)(II) is $10,000.00 per device for a total damage statutory award as to the Defendant's assembly, manufacture or modification of Pirate Access Devices of $10,000.00.

**2. Minimum Statutory Damage Award Pursuant to Provisions of Title 18 U.S.C. § 2520**

Title 18 U.S.C. § 2520(c)(2)(B) provides for civil statutory damages for the surreptitious interception of electronic communications in violation of Title 18 U.S.C. § 2511. Title18 U.S.C. § 2520(c)(2)(B) provides for statutory damages of " whichever is the greater of $100 a day for each day of violation or $10,000". This amounts to a minimum statutory damage award of $10,000.00 for the violation of Title 18 U.S.C. § 2511.

Accordingly, the Statutory minimum damage award for the Defendant's utilization of the Pirate Access Device to intercept the Plaintiff's electronic communications without authorization in violation Title 47 U.S.C. 18 U.S.C. § 2511 (1)(a) is $10,000.00 pursuant to Title 18 U.S.C. § 2520(c)(2)(B).

**3. Connecticut General Statute § 52-564**

Connecticut General Statute § 52-564 provides "any person who steals any property of

Page 6

another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages". The statute, by its plain language, would apply to the Defendant's theft of the Plaintiff's property, its television signals. This statutory remedy was specifically pled in the complaint.

More importantly, this court has already determined that a Federal statutory damage award for the unauthorized interception of television signals comes within the scope of this Connecticut statute and the federal damage award must be trebled. See: *Cox v Dingle* 3:02 CV 00604 (D CT 2002); a copy of the unpublished case is attached hereto as **Exhibit A**. Accordingly, the minimum award against the Defendant for his theft of signals should be in the amount of $30,000.00.

### III. Injunctive Relief

This Court Should Permanently Enjoin Defendant From Committing Or Assisting In The Commission Of Any Violation Of 47 U.S.C. § 605 or 18 U.S.C. §§ 2511. The Plaintiff requests injunctive relief under the express provisions of the Communications Act and the Surreptitious Interception Act.

The Communications Act provides as follows:

> "(e)(3)(B)(i) The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]."

*See* 47 U.S.C. § 605(e)(3)(B)(i).

The pertinent language under section 2520 of 18 U.S.C. provides that the Court may award, "such preliminary and other equitable or declaratory relief as may be appropriate." *See* 18

U.S.C. § 2520(b)(1). Accordingly, this Court is authorized to permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605, or violations of 18 U.S.C. § 2511 and should do so to prevent such violations. The terms of the requested injunction are reasonably drafted to thwart any future piracy activities by the Defendant.

### IV.  Attorney's Fees and Costs

Both Title 18 U.S.C. § 2520(b)(3) and /or Title 47 U.S.C. § 605(e)(3)(B)(iii) provides that the Court should direct the recovery of full costs, including awarding reasonable attorneys fees to aggrieved party who prevails. The Second Circuit follows the so-called "lodestar" approach when awarding attorney's fees pursuant to a Federal statutory authorization. See, *Quaratino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir 1999). Utilizing the "lodestar" approach, the Court would, in essence, multiply the reasonable number of hours worked by a reasonable hourly rate.

Plaintiff's counsel has filed an Affidavit with this court that would justify the attorney's fees award in the amount Plaintiff is now seeking for Attorney's fees. The affidavit also sets forth the pertinent costs for which the Plaintiff is seeking recovery $729.00.

### V. CONCLUSION

For the reasons set forth above, the Plaintiff, DIRECTV, respectfully requests that this Court:

(1) Award to DIRECTV full statutory damages in the amount of $30,000.00, plus full costs in the amount of $203.50 and attorneys' fees in the amount of $729.00;

(2) Permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511 and

(3) Grant DIRECTV such other and further relief as this court deems equitable, just and proper.

Respectfully Submitted for the Plaintiff,

*[signature]*

John M. McLaughlin (BBO:556328)    Ct 16988
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

12/3/03
Date

Local Address Pursuant to
D. Conn. L. Civ. R. 2(c):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT  06732-2518