UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:03CV937(SRU) |
| | : | |
| MICHAEL BRAUN, | : | |
|     Defendant. | : | |
| | : | |

## RULING ON MOTION FOR DEFAULT JUDGMENT

DirecTV, a nationwide provider of satellite television, brought this action against Michael Braun based on his allegedly illegal use of a "Pirate Access Device" to intercept DirecTV's broadcast signal. Braun failed to appear, resulting in a default being entered against him on September 23, 2003. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, DirecTV now moves for judgment by default for damages, attorney's fees, costs and injunctive relief.

DirecTV's motion is GRANTED in substantial part. A default judgment will enter in favor of DirecTV against Braun, but in an amount less than requested by DirecTV. Specifically, DirecTV's request for damages under Connecticut General Statutes § 52-564[1] is denied. I write briefly to explain the reason for this denial.

DirecTV argues that it is entitled, without a hearing, to $30,000 in damages. The argument is simple. Braun has violated 18 U.S.C. § 2511 by intentionally intercepting electronic communications.[2] Under 18 U.S.C. § 2520, Braun is liable to DirecTV for statutory damages of

---

[1] Section 52-564 states: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." CONN. GEN. STAT. § 52-564 (1963).

[2] This statue makes liable anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic

$10,000.³  18 U.S.C. § 2520(c)(2)(B).  Additionally, under Connecticut General Statutes § 52-564, a plaintiff is entitled to treble damages in a case of theft.  Thus, argues DirecTV, since its satellite signal has been stolen, it is automatically entitled to have its damage award of $10,000 trebled, and it can be granted, without a hearing, an award of $30,000 – a sort of "enhanced" minimum damage award.

Despite its apparent logical tidiness, a closer look at the statutes in question reveals that DirecTV's reasoning is flawed.  Specifically, DirecTV's argument ignores the distinction between statutory damages and actual damages.

Connecticut General Statutes § 52-564 is not, on its face, a damage "enhancer."  That is, the statute does not use as its starting point some other award of damages, which is then multiplied.  Rather, it is an independent statutory cause of action for theft.  In other words, in Connecticut, the legislature has granted victims of theft a cause of action for three times their damages.  The most natural reading of the statute is that this use of the word "damages" refers to the *actual* damages suffered by the plaintiff.

By contrast, the damages awarded under 18 U.S.C. § 2520(c)(2)(B) are decidedly not meant to represent the actual damages suffered by a plaintiff.  The statute itself makes plain this intention; it reads:

>  the court may assess as damages *whichever is the greater of* – (A) the sum of

---

communication."  18 U.S.C. § 2511(1)(a).

³ The relevant part of this statute states: "In any other action under this section, the court may assess as damages whichever is the greater of– (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."  18 U.S.C. § 2520(c)(2).

-2-

>*actual damages* suffered by the plaintiff and any profits made by the violator
>as a result of the violation; *or* (B) *statutory damages* of whichever is greater
>of $100 a day for each day of violation or $10,000.

18 U.S.C § 2520(c)(2) (emphasis supplied). The statute quite clearly distinguishes statutory damages – the type of damages sought by DirectTV – from actual damages. Moreover, as a general rule, statutory damages are quasi-punitive in nature, and not intended to represent the amount of actual damages. See, e.g., Parker v. Time Warner Entertainment, Co., L.P., 331 F.3d 13, 27 (2d Cir. 2003) ("Although statutory damages amounts might be calculated in part to compensate for actual losses that are difficult to quantify, they are often also motivated in part by a pseudo-punitive intention to address and deter overall public harm.") (Newman, J. concurring) (internal citations omitted).

With these constructions in mind, it is apparent that DirecTV is in fact seeking two completely separate types of damages: (1) *statutory* damages, under 18 U.S.C. § 2520 and (2) trebled *actual* damages, under Connecticut General Statutes § 52-564. The former are certain and can be awarded without a hearing; the latter are not certain in this case, because there is no evidence of DirecTV's actual damages.[4] Consequently, I decline to award treble damages under section 52-564.

As a general matter, it is unclear whether combining damage statutes, in the way plaintiff suggests, is appropriate. Both statutory damages and treble damages represent distinct legislative methods of awarding extraordinary damages. For a judge to combine the two would be to

---

[4] In reaching this conclusion, I assume – without deciding – the uncertain proposition that interception of satellite signals gives rise to liability under section 52-564. Although there is no need to reach the issue in this case, at least one court has held that, to the extent state theft laws cover interception of satellite television broadcasts, they are preempted by federal copyright law. See DirecTV v. Beecher, 2003 WL 23094715, *5-6 (S.D. Ind. Nov. 7, 2003).

impose a kind of super-extraordinary damage award, that is, an enhancement greater than the one intended by the legislature.

For the aforementioned reasons, the plaintiff's motion for default judgment (Doc. # 8) is GRANTED in part and DENIED in part. Judgment shall enter in favor of DirecTV, Inc. against Michael Braun for statutory damages in the amount of $10,000, pursuant to 18 U.S.C. § 2520, and for an award of attorney's fees in the amount of $729.00 and costs in the amount of $203.50, for a total of $10,932.50. In addition, Michael Braun is hereby permanently enjoined from future violations of 47 U.S.C. § 605 and 18 U.S.C. § 2511.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of February 2004.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge